**Ramazani GAKAWA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–72269.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2008.*

Filed March 17, 2008.

Jennifer Rotman, Immigrant Law Group LLP, Portland, OR, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Yoshinori H.T. Himel, AUSA, Office of the U.S. Attorney, Sacramento, CA, for Respondent.

Before: BERZON and BEA, Circuit Judges, and GUTIERREZ **, District Judge.

## MEMORANDUM ***

Gakawa Ramazani ("Gakawa"), a Rwandan citizen, seeks review of the Board of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Philip S. Gutierrez, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeal's ("BIA") order adopting and affirming the Immigration Judge's ("IJ") denial of petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

When, as here, the BIA affirms and adopts the IJ's findings and reasoning, this court reviews the IJ's opinion as if it were that of the BIA, applying the substantial evidence standard. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir. 1999). Reversal is permitted only where the petitioner can establish the evidence on the record was so compelling that no reasonable fact finder could have failed to find the petitioner statutorily qualified for asylum and withholding. *Id.* at 1150; *see also* 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the BIA's denial of petitioner's asylum, withholding of removal, and CAT claims based on the IJ's adverse credibility finding. That denial was supported by at least one material inconsistency in the record which petitioner had a reasonable opportunity to explain.

Petitioner's failure to mention the arrest warrant he received in February of 2000 in either his asylum application or interview was a material inconsistency and constitutes substantial evidence in support of the IJ's adverse credibility determination. In his asylum application, petitioner did not disclose the arrest warrant, and moreover indicated that he had never been accused of or charged with a crime in his native country. He later testified at the merits hearing before the IJ, however, that it was the arrest warrant that caused him to flee Rwanda. A material inconsistency that goes to the heart of the matter may support an adverse credibility determination. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003).

Petitioner was given the opportunity to explain the inconsistency, and he testified that he did not mention the warrant in his asylum application because "he did not remember [it] until this particular interview [with the asylum officer]," and, after realizing this, determined it would help him "when he met with the Judge." Petitioner did not think the document "was that important" and never thought much about it because "[he] didn't really think it would make a big difference in [his] life." Petitioner's explanation for the inconsistency is at odds with the critical importance attributed to the warrant earlier in petitioner's testimony. This explanation is not so compelling that any reasonable factfinder would have to find that the failure to mention the warrant earlier was not material.

Because the IJ provided at least one significant reason for the adverse credibility determination that is supported by substantial evidence, we must accept the determination. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004).

2. Substantial evidence also supports the IJ's finding that petitioner failed to prove it is "more likely than not" he will be tortured if he returns to Rwanda. The record does not contain "substantial grounds for believing that [Petitioner] would be in danger of being subjected to torture in" Rwanda. *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir.2005).

3. Petitioner did not exhaust the particular social group issue that he has raised in his brief in this court.

For the reasons stated, the petition is DENIED.